IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAVIER MARTINEZ AGUILAR and §
MIRNA ESTHEL DE LA CRUZ RAMIREZ, §
§  Case No.
*Plaintiffs,* §
§
*v.* §
§
US DEPARTMENT OF HOMELAND §
SECURITY; KIRSTJEN NIELSEN, Secretary §
USDHS, in her official capacity; US §
CITIZENSHIP AND IMMIGRATION §
SERVICES; L. FRANCIS CISSNA, Director of §
USCIS, in his official capacity; ROBERT M. §
COWAN, Director USCIS National Benefits §
Center, in his official capacity; GLADYS N. §
DANIELS; Gladys N. Daniels doing business as §
OSAGIEDE & ASSOCIATES, and d/b/a LAW §
 FIRM OF OSAGIEDE & ASSOCIATES; and §
the following NOTICE ONLY parties: US §
Attorney General Jefferson B. Sessions, III; and §
US Attorney Ryan K. Patrick, for the Southern §
District of Texas §
§
*Defendants.* §
§

## **PLAINTIFFS' ORIGINAL COMPLAINT**

1.     Plaintiffs, Javier Martinez Aguilar and Mirna Esthel Martinez [De La Cruz Ramirez],

file their original complaint against named defendants. The private defendant is requested to

disclose, in the time prescribed, the information or material described in *Tex. R. Civ. P.*, Rule

194.2.   The government defendants are requested to file plaintiff Mirna's alien file with the

1 | court.

**JURISDICTION AND VENUE**

2.    The court has jurisdiction of the claims against the government actors pursuant to 28 U.S.C. §§ 1331, 1346(b), and 2201-2202, the *Constitution* of the *United States of America*, and the common law; immunity is waived by 5 U.S.C. § 701, *et seq.* The court has supplemental jurisdiction over the claims against the private defendant pursuant to 28 U.S.C. § 1367 as the claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy".

3.    The court has personal jurisdiction because the private defendant is a Texas resident.

4.    The claims against both the government and private defendants arise out of actions taken by defendants in plaintiffs' pursuit of a benefit under *Title* 8, of the *United States Code*—the *Immigration and Nationality Act* (INA). The claims against the private defendant are brought pursuant to the *Deceptive Trade Practices Act (DTPA)—Tex. Bus. & Com. Code* § 17.50, and the common law.

5.    Under both federal and state law, venue in Brownsville, Cameron County, Texas is proper in this case because transactions made a part of this suit occurred in Brownsville, Cameron County, Texas. 28 U.S.C. § 1391 (b)(2), and/or 1391 (e); *Tex. Civ. P. & Rem. Code* § 15.002.

**CONDITIONS PRECEDENT**

6.    The claims against the government defendants are for final agency action that is not in conformance with law. All conditions precedent to plaintiffs claim for relief have been satisfied—private defendant was served with a notice under the Texas *DTPA* statute to

allow her to address the claims without litigation. She responded only with acknowledgment of receipt. Exhibit A. A copy of this complaint has been sent to the Office of the Attorney General for Texas—Consumer Protection Division.

## PARTIES

7.     Plaintiff, Javier Martinez Aguilar is a United States (US) citizen with his principal residence in Brownsville, Texas, he can be identified by his US Social Security number—XXX-XX-6639.

8.     Mirna Esthel Martinez [De La Cruz Ramirez], had been a resident of Brownsville, Texas, without interruption since 2007, she can be identified by her U.S. A number—XXX-XXX-466.

9.     The US Department of Homeland Security (DHS) is an agency of the US, that is charged with implementing the laws passed by Congress. Section 102, of the *Homeland Security Act* of 2002. The Secretary of Homeland Security Kirstjen Nielsen is specifically charged with the administration and enforcement of the laws. 8 U.S.C. § 1103(a)(3) [INA § 103(a)(3)], she is a necessary party and is sued in her official capacity only.

10.     The US Citizenship and Immigration Services (USCIS) is an agency of the US, and is a sub-agency to DHS, it is responsible for the adjudication of applications for benefits under the INA, including the provisional waiver—USCIS form I-601A. L. Francis Cissna, is the Director of USCIS, he is a necessary party and is sued in his official capacity only. Robert M. Cowan, is the Director of the USCIS National Benefits Center, that approved the I-601A and provided notice of the same, he is a necessary party and is sued in his official capacity only.

11.     Defendant, Gladys N. Daniels is an attorney licensed by the State Bar of Texas Bar No. 24010827, does business as Osagiede & Associates, and also d/b/a the Law Firm of Osagiede & Associates, and under other names, she has a principal office in Houston, TX with several offices across the state, including  in Brownsville, Texas where she met with and conducted business with the plaintiffs. Her action(s), and/or failure(s) to act in conjunction with said representations are the subject of the claims against her.

## BACKGROUND

12.     On October 10, 2012, the plaintiff, Javier Martinez Aguilar, became a citizen of the United States by Naturalization.

13.     In March 2013 he filed a petition for a visa for his spouse who was an undocumented citizen of Mexico residing in Brownsville, Texas; they have a blended family and a child in common, and he signed a new contract with the US—USCIS form I-864, on February 5, 2016, and was a qualifying relative for purposes of his spouse's provisional unlawful presence waiver, USCIS form I-601A, thus he has a liberty interest in the adjudication of his spouse's applications related to immigrating to the US. Exhibit B.

14.     Once the petition was approved plaintiffs were advised by private defendant to file a provisional unlawful presence waiver, USCIS form I-601A.

15.     "The provisional waiver process is designed to encourage unlawfully present individuals to leave the United States, attend their immigrant visa interviews, and return to the United States legally to reunite with their U.S. citizen or lawful permanent resident (LPR) family members. Having an approved provisional waiver helps facilitate immigrant visa issuance at DOS, streamlines both the waiver and the immigrant visa processes, and reduces

the time that applicants are separated from their U.S. citizen or LPR family members, thus promoting family unity. The rule is intended to encourage eligible individuals to complete the immigrant visa process abroad, promote family unity, and improve administrative efficiency." 81 FR 50244 (July 29, 2016) (codified as 8 C.F.R. § 212.7 (e)) (summary); 78 FR 536 (January 3, 3013) (codified as 8 C.F.R. § 212.7 (e)) (essentially the same).

16.     The regulation for provisional waivers, in the original, and as modified provide that eligible aliens are those who upon departure would *only* be inadmissible under section 212(a)(9)(B)(i) of the INA. 8 C.F.R. § 212.7 (e)(3)(ii) (in original), (iii) (modified) & (12)(iii) (both versions).

17.     USCIS will deny those who do not meet the "eligibility" requirements. 8 C.F.R. § 212.7 (e)(8)(both versions).

18.     The plaintiffs followed the advice of their counsel, applied for the waiver, clearly identifying in the application that plaintiff Mirna entered the US without inspection on March 1, 2003 and remained until, December 1, 2005 when she traveled to Mexico because of a sick relative. She also identified in the application that she returned to the US without inspection on July 1, 2007. Exhibit B, pThe information makes clear that plaintiff Mirna is inadmissible under 8 U.S.C. § 212 (a)(9)(C) and the waiver should have: 1. Never been filed, and 2. Having been filed it should have been denied for failing to meet the eligibility requirements of the regulation.  Claims against the private defendant relate to 1. Of the preceding sentence, and actions taken thereafter; while claims against the government defendant relate to 2. In the preceding sentence.  Exhibit C.

19.     The actions of the defendants as described above, and as further described within the individual claims have resulted in extreme hardship to plaintiff Javier, and/or to extended family separation, and/or financial loss and/or other damages.

### ADMINISTRATIVE PROCEDURES ACT CLAIMS ASSERTED AGAINST GOVERNMENT DEFENDANTS

20.     In the effort to preclude unnecessary expense and resources being expended by any party in arguing unnecessary motions to dismiss, and related activities, the plaintiffs make clear that the APA claims are and can only be against the United States agency actor(s). All other claims are solely against the private defendant. Plaintiffs also hereby inform the US defendants that in lieu of filing the US' standard motion to dismiss, the US can fashion a remedy after that set out in the Prayer for relief—paragraph 80. c. (terms to be discussed), and plaintiffs will thereafter voluntarily terminate all claims against the US.

### GROUND ONE

21.     The forgoing paragraphs are hereby incorporated as through fully set forth herein.

22.     On September 2, 2015 the USCIS approved the I-601A waiver. Exhibit D.

23.     In reliance on the approval of the I-601A Waiver, plaintiffs continued forward with the consular processing of plaintiff Mirna's visa applications.

24.     She departed the US to attend her consular interview in Cd. Juarez, Chihuahua, Mexico on May 23, 2016.

25.     Her application was denied on May 24, 2016, by the consular officer's determination that she was inadmissible pursuant to 8 U.S.C. § 1182 (a)(9)(C) [*INA § 212(a)(9)(C)*] (requiring a 10 year period after her last departure before she can apply for permission to

reapply), her I-601A was revoked, and she was informed that she was ineligible to apply until May 2026. See, Exhibit E; and, 8 C.F.R. § 212.7 (e)(14) (automatic revocation).

26.    Plaintiffs have had to establish a second home in Matamoros, Tamaulipas, Mexico so that she may reside close to the family home in Brownsville, Texas. Their youngest child, a US citizen, missed her mother so much that at great risk to her personal safety because of the ongoing violence in Mexico[1], she resides with her in Mexico, plaintiff Javier spends the majority of his time in Mexico as well, and has his residence in Brownsville, Texas.

27.    The USCIS approved the I-601A because the plaintiffs showed extreme hardship to plaintiff Javier, should plaintiff Mirna's application be denied. See, 8 C.F.R. § 212.7 (e)(3)(v) (current), 8 C.F.R. § 212.7 (e)(3)(vii) (previous)[2]; and, 8 U.S.C. § 1182 (a)(9)(B)(v) [INA § 212 (a)(9)(B)(v).

28.    A review of the alien file will demonstrate that an essential reason for this finding was the fear of residing in Mexico as result of the violence described, and that the plaintiffs relied on the government's own reports to demonstrate the associated violence and resulting hardship.

29.    The regulation in the original 2013 provisional waiver enactment and as modified provide that "eligible" aliens are those who upon departure would *only* be inadmissible under

---

[1] Tamaulipas, Mexico is one of the most violent States in Mexico, due to warring drug cartels, and an effort to root out corruption in government. The US has an ongoing warning to US citizens not to travel to Tamaulipas because of the directed criminal activities involving serious violent crimes. The FBI & DEA post differential pays are among the highest in Tamaulipas, as they are anywhere in the world.
[2] Both require a showing of extreme hardship to a US citizen, or LPR spouse or parent.

1    section 212(a)(9)(B)(i) of the INA. 8 C.F.R. § 212.7 (e)(3)(ii) (in original), (iii) (modified) &

2    (12)(iii) (both versions)[3].

3        30.    USCIS will deny those who are not "eligible". 8 C.F.R. § 212.7 (e)(8)(both versions);

4    *Matter of J-F-D-,* 10 I&N Dec. 694 (INS 1963) [4].

5        31.    The USCIS failed to follow its own regulation, and administrative case law when it

6    approved the I-601A waiver application, resulting in the ongoing injury to the plaintiffs.

7        32.    Through the provisional unlawful presence waiver "consistent with Congress' policy

8    choice to prioritize family reunification of immediate relatives of US citizens" and "with

9    recognized government interests in encouraging" others to naturalize and "also benefit from

10    this new process." 78 FR 542, column three (January 3, 2013).

11        33.    "The goal of the provisional unlawful presence waiver process is to facilitate

12    immigrant visa issuance" for those who "are otherwise admissible" and was revised in 2016

13    maintaining "all other eligibility requirements  for the provisional waiver as currently

14    prescribed" to enable more immigrants to benefit from the shortened separation periods. 78

15    FR 546, 7. Column three (January 3, 2013); 78 FR 574-575, 6. Benefits (January 3, 2013); 81

16    50265, 3. Purpose, columns 2-3 (July 29, 2016).

17        34.    The granting of the provisional waiver while the USCIS could see that plaintiff was

18    inadmissible and did not meet the eligibility requirements is inconsistent with the stated

---

[3] When the regulation was modified it removed an "ineligibility", a "reason to believe" that a person was inadmissible under another ground. The reason to believe standard some argued should not preclude the application for and approval of a waiver because the term is nefarious. The agency removed the "ineligibility" and maintained the "eligibility" and denial provisions. That ineligibility is distinct from a clear inadmissibility requiring denial. Vol. 81, *Federal Register,* No. 146 (July 29, 2016).
[4] See, Exhibit F: Crandall, Kristine R., Acting Director, LIN1790835907, Decision (USCIS February 22, 2018).

goals, purposes, and the very eligibility requirements of the regulation raising an issue of law subject to judicial review under the *APA*, and the due process clause of the *Fifth Amendment*.

**GROUND TWO**

35.   The forgoing paragraphs are hereby incorporated as through fully set forth herein.

36.   The USCIS Approval Notice of plaintiff's I-601A was inadequate under the *Fifth Amendment* to the *Constitution of the United States* to protect the property and liberty interest of either plaintiff because it failed to inform them that plaintiff was ineligible for a visa because of her clear inadmissibility under 8 U.S.C. § 1182 (a)(9)(C) [INA § 212(a)(9)(C)]. Exhibit D.

37.   The USCIS Approval Notice instead contains confusing boilerplate language without regard to the details of the plaintiff's individual case. *Id.*

38.   USCIS Approval Notice refers to "…other grounds of inadmissibility besides unlawful presence, for example criminal grounds, fraud, or prior removals.", the plaintiffs knew that the visa applicant had no criminal convictions, had not committed fraud, nor had she been previously removed, it was reasonable for the plaintiffs to believe that the waiver applied to all grounds of inadmissibility related to unlawful presence. *Id.*

39.   The approval of the waiver without adequate notice of the ground of inadmissibility equates to an unlawful circumvention of the removal provisions of the *INA* when a person signs under the penalty of perjury that the information in the I-601A is true and sets out a ground of inadmissibility that informs the USCIS of an inadmissibility which will prevent the individual involved from reuniting with the family in the US, once they depart with the approved I-601A.

40.     Alternatively, the government defendant(s) failed to provide adequate training to its adjudicators to prevent the grant of a waiver where the approval was inconsistent with the regulation, agency case law, regarding denial of waivers where other grounds would not be able to be waived inconsistent with the stated humanitarian interests behind the waiver.

41.     The issues of law raised are subject to judicial review under the *APA*, and the due process clause of the *Fifth Amendment*.

**STATE LAW CLAIMS ASSERTED AGAINST PRIVATE DEFENDANT**

42.     In the effort to preclude unnecessary expense and resources being expended by any party in arguing unnecessary motions to dismiss, and related activities, the plaintiffs make clear that the State law claims set out below are and can only be against the private defendant All *APA* claims are solely against the government defendant(s).

**GROUND THREE—DTPA**

43.     Plaintiffs hired defendant Daniels d/b/a to represent them in pursuing immigration benefits to legalize plaintiff Mirna.

44.     Defendant can be sued under the DTPA because she made an express misrepresentation of fact, that cannot be characterized as advice, judgment, or opinion; and/or, she failed to disclose information that induced plaintiffs to enter into a transaction that they would not have entered had the information been disclosed to them. *Tex. Bus. & Com. Code* §§ 17.49 (c)(1)-(3), 17.50(a)(1) & (3); *Latham v. Castillo*, 972 S.W.2d 66 (Tex. 1998).

45.     Paragraphs 1 through 8, paragraphs 11 through 19, and paragraph 22 are hereby incorporated as through fully set forth herein.

46.     In reliance on the approval of the I-601A Waiver, and at the advice of defendant Daniels, plaintiffs continued forward with the consular processing of plaintiff Mirna's visa applications.

47.     Paragraphs 24 through 28 are hereby incorporated as through fully set forth herein.

48.     After plaintiff's visa was denied, plaintiff Javier returned to defendant Daniel's office with his son and asked what to do.

49.     On June 24, 2016 they met with defendant Daniels and her translator, as she speaks English, and plaintiff speaks Spanish as his primary language.

50.     The defendant read the consular officer's denial which states the grounds of inadmissibility applied to deny the visa, as well as when she may apply for relief—May 2026.

51.     Referring to a book that she called the Immigration Bible, defendant purported to read the statute and affirmatively misrepresented to the plaintiffs what the statute says: "212(a)(9)(C)(i) is for anyone who has been ordered removed or was deported and then comes back into the U.S."

52.     The statute is titled: <u>Aliens unlawfully present after previous immigration violations</u>, and while it includes those who have re-entered after removal, 212 (a)(9)(C)(i)(II), the statute also refers to those unlawfully present for an aggregate period of more than 1 year and enters without inspection. 8 U.S.C. § 1182 (a)(9)(C)(i)(I) [*INA* § 212 (a)(9)(C)(i)(I)].

53.     Plaintiff's son who was present and a party to the conversation recorded the oral communications. Exhibit G, Transcript, pp. 2:19-3:11.

54.     The defendant engaged in an unconscionable course of action, to plaintiffs'

detriment, and/or took advantage of plaintiffs' lack of knowledge, ability, experience, or

capacity to a grossly unfair degree. Exhibit G, pp. 16:7-18:7.

55.     Defendant continued in the unconscionable course of action through 2017 to

induce plaintiffs to file a motion to reopen, an appeal, or a new waiver, which had no basis

in law or fact—seen in the clear language of the application, and the statutes. Exhibit H, p. 6,

5.a.

56.      Because of defendant's misrepresentation(s) plaintiff has incurred actual and

economic damages represented by additional USCIS filing fees of $1,860., incidental costs,

mental-anguish, and other attorney fees for second opinions and potential remedy, as well as

costs. *Id.*

57.     Defendant's misrepresentation(s), and or deceptive, and/or misleading statements

are also made in violation of the *Tex. Bus. & Com. Code* §17.46(b):

(24) Defendant failed to disclose information concerning services which was known

at the time of the transaction which failure to disclose such information was intended to

induce the plaintiff to use defendant's services and plaintiff would not have used

Defendant's services if the information had been disclosed to her: in other words if

defendant had told plaintiffs the truth about what the statute says, the plaintiffs never would

have filed, nor would they have incurred filing fees and associated costs for those waivers

which would be denied as a matter of law. Exhibit G, *passim*.

58.    When plaintiffs received the denials of their waivers in February 2018 they suffered additional emotional damages, which would have been avoided if the defendant told them the truth.

59.    Plaintiffs seek all relief available to them under the DTPA, including treble mental-anguish, economic, and actual damages claiming defendant's conduct was committed intentionally.

**GROUND FOUR—NEGLIGENCE**

60.    Paragraphs 1 through 8, 11 through 19, 22, 24 through 28, 43, and 46  are hereby incorporated as through fully set forth herein.

61.    Defendant Daniel's had a duty to the plaintiffs to act in conformance with minimal standards of professional conduct.

62.    In advising the plaintiffs to file the USCIS form I-601A waiver the defendant Daniels acted below the standard of care required, and/or;

63.    After plaintiff's visa was denied defendant advised that the plaintiffs file an I-290B appeal  to remedy the denial, and prepared the filing through June 27, 2016, see Exhibits I & G at pp. 8:8 & 18:24-19:5, defendant Daniels acted below the standard of care required, and/or ,

64.    A year later defendant still had not filed the I-290B though they had paid the filing fees to defendant, and defendant provided a tracking number for the alleged mailing. Exhibit I.

65.    Plaintiff was then advised that instead a USCIS form I-212 and I-601 had to be filed, and that the filing fees had increased to $930. each.

66.    Defendant returned the filing fees noted in paragraph 63 to plaintiff and plaintiff paid the increased filing fees, defendant prepared and submitted the waivers for filing, in or about June-July 2017, Exhibit H, the defendant Daniels acted below the standard of care required.

67.    Plaintiffs were injured by defendant's negligence and continue to incur damages.

**GROUND FIVE—FRAUD**

68.    Paragraphs 1 through 8, 11 through 19, 22, 24 through 28, 43, 46, and 50 through 52  are hereby incorporated as through fully set forth herein.

69.    Defendant's material misrepresentation was false when it was made and defendant knew it was false when she made the statement, or she did not know the law and recklessly made believe she was reading the law, but only asserted her false misrepresentation of the law.

70.    Defendant made the false representation, which was repeated numerous times during the course of their conversation, to induce the plaintiffs to file additional applications with the USCIS, and/or to cover her negligence so the plaintiffs would not sue. Exhibit G, *passim*.

71.    Plaintiffs did file additional applications and/or did not sue defendant as a result of her false misrepresentation.

72.    Plaintiffs suffered additional injury as a result.

**GROUND SIX—EXEMPLARY DAMAGES**

73.    All paragraphs recited in Grounds Four and Five are hereby incorporated as though fully set forth herein.

74.    Defendant claims to be a knowledgeable immigration attorney who does business as Osagiede & Associates as well as under other names, upon information and belief her associates are non-attorney paralegal staff who run her six offices in her absence, she drives to the individual offices on occasion. As evidenced on her State Bar web profile she is a solo practitioner. Her use of the term Associates in her business name is misleading conduct prohibited by *Tex. Disc. R. of Prof. Conduct*, Rule 7.01. Exhibit J.

75.    An objective observation of the facts in the case make clear that plaintiff Mirna was at extreme risk of having her visa denied by the consular officer because she was subject to the provisions of 8 U.S.C. § 1182(a)(9)(C)(i) and that she could not apply for permission to reapply until 10 years after last departure from the US, yet defendant continued in a course of action that would create at minimum "extreme hardship" to the plaintiffs.

76.    Defendant Daniels had actual awareness of the risk involved, never the less she proceeded in her course of action with conscious indifference to the rights, safety, or welfare of plaintiffs

77.    Plaintiff's injury resulted from defendant's gross negligence, and/or fraud, and/or violated penal statutes which entitles plaintiff to exemplary damages under *Tex. Civ. Prac. & Rem. Code* § 41.003(a).

**JURY DEMAND**

78.    Plaintiff demands a jury trial on the State law claims.

**REQUEST FOR COURT REPORTER**

79.    Plaintiff requests that a court reporter be actively present at all hearings whether pretrial, trial, post-trial, or in any ancillary proceeding to the lawsuit.

**PRAYER FOR RELIEF**

80.    Plaintiff asks the Court that plaintiffs be awarded a judgement against the US as follows:

a.    A declaration that the approval of the USCIS form I-601A is contrary to the eligibility standards of the regulation allowing for the filing of such waiver.

b.    A declaration that the "approval notice" issued to show approval of the USCIS form I-601A, without notice of the clear ground of inadmissibility that plaintiff set out in the application, failed to meet the Fifth amendment procedural due process rights for removal proceedings, that it is unlawful to use such an approval to circumvent Congress' clear procedures for removal of a person from the United States.

c.    An order that the US make arrangements to parole the plaintiff back into the US to remedy the foreseeable unlawful infliction of extreme hardship and expulsion from the US upon the plaintiffs, which were sure to result from approving an I-601A provisional waiver that should have by regulation been denied.

d.    An award of costs and  reasonable attorney fees under the *Equal Access to Justice Act*—28 U.S.C. § 2412(b).

81.    Plaintiffs asks the Court that plaintiff be awarded a judgment against defendant Daniels for the following:

a.    Actual damages. Plaintiffs are entitled to all economic damages on their DTPA claims, including future loss. They are also entitled to mental anguish damages as provided in *Tex. Bus. & Comm. Code* § 17.50 (b).

b.    Treble damages. Plaintiffs are entitled to treble damages for a violation of the DTPA—Count Three, as provided in the *Tex. Bus. & Comm. Code* § 17.50 (b)(1).

c.    Attorney fees. Plaintiffs are entitled to attorney fees as provided in the *Tex. Bus. & Comm. Code* § 17.50 (d).

d.    All damages available to them on their claims in negligence and fraud including, exemplary damages, except as to Count 3, because Defendant engaged in fraud, and/or gross negligence the Plaintiff is entitled to exemplary damages. *Tex. Civ. Prac. & Rem. Code* § 41.003(a).

e.    Prejudgment and post-judgment interest. Plaintiff seeks both pre, and post judgment interest except as those are exempted as to exemplary damages, and as to treble damages under the DTPA.

f.    Court costs. *Tex. Bus. & Com. Code* § 17.50 (d), and *Tex. R. Civ. Proc.,* Rule 131.

g.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, because all claims are inextricable intertwined; including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court, as the Court deems equitable and just, as provided by the *Tex. Bus. & Com. Code* § 17.50 (d).

h.    Plaintiffs request post-judgment relief in the appointment of a receiver over defendant Daniels business should any judgment remain unpaid  after 30 days, and upon showing that plaintiffs made good faith attempts to collect on any judgment, as provided by the *Tex. Bus. & Com. Code* § 17.59.

82.     All other relief to which plaintiffs are due, in law, or in equity, whether stated herein or not.

Very respectfully submitted,

/s/ Marlene A. Dougherty

Marlene A. Dougherty
CT413716 TX Bar No. 24095181
Fed. Id 31482
*Attorney for the Plaintiffs*

Law Office of Marlene A. Dougherty
314 E. 8th Street
Brownsville, TX 78520
ph. (956)542-7108 fax (956)542-7109
marlene@mdjd180.com